
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
**ALBANY DIVISION**

HISPANIC LEADERSHIP FUND, INC.;
FREEDOM NEW YORK,

        Plaintiffs,

vs.

NEW YORK STATE BOARD OF
ELECTIONS et al.,

        Defendants.

Case No. 1:12-cv-1337 (MAD/TWD)

**DECLARATION OF KELLY L. MUNKWITZ**
**IN SUPPORT MOTION OF THE ATTORNEY GENERAL OF**
**THE STATE OF NEW YORK TO INTERVENE IN THIS ACTION**

KELLY L. MUNKWITZ declares, pursuant to 28 U.S.C. § 1746, that the following statements are true and correct.

1. I am an Assistant Attorney General in the Office of Eric. T. Schneiderman, Attorney General of the State of New York, and am admitted to practice before this Court. I submit this declaration in support of the Attorney General's motion to intervene in this action as of right pursuant to Rule 24 of the Federal Rules of Civil Procedure.

2. On August 29, 2012, this Court entered an order to show cause why a preliminary injunction should not be entered enjoining defendants during the pendency of this action from enforcing New York Election Law §§ 14-100(1), 14-114(8) and 14-116(2) as applied to plaintiffs (dkt. no. 10). The Court directed defendants to respond by September 10, 2012, and ordered plaintiffs to submit any reply papers on or before September 13, 2012.

3. The Local Rules for the United States District Court for the Northern District of New York ordinarily require a moving party to file and serve all motion papers not less than thirty-one days before the return date of the motion.  Thus, if the Attorney General proceeded by service of notice under the Local Rules, his motion to intervene would not be heard until well after the emergency deadlines established by the Court's August 29, 2012 Order to Show Cause.

4. To ensure that the Attorney General is able to participate in this matter in accordance with his statutory rights, he asks the Court to grant his motion to intervene as of right pursuant to Rule 24 of the Federal Rules of Civil Procedure and accept his papers in opposition to plaintiffs' motion for a preliminary injunction on September 17, 2012.  In the alternative, the Attorney General asks the Court to issue an order to show cause why the Attorney General should not be permitted to intervene as a party and serve and file papers in opposition to their motion for a preliminary injunction on September 17, 2012.

5. I have been advised that this office has consulted with counsel for plaintiffs concerning the Attorney General's motion to intervene and that plaintiffs do not oppose the motion. I am further advised that this office consulted with counsel for defendants Douglas A. Kellner and Evelyn J. Aquila, and that these defendants do not oppose the motion to intervene.  And I am further advised that defendants James A. Walsh and Gregory P. Peterson did not respond to this office's requests (through counsel) to state their position on the Attorney's General's motion to intervene.

6. Pursuant to Local Rule 7.1(a)(1), I am attaching as Exhibit 1 to this Declaration the September 10, 2012 slip opinion of the United States Court of Appeals for the Seventh Circuit in *Center for Individual Freedom v. Madigan*, No. 11-3693, which is cited in the Memorandum of Law of the State of New York in Opposition to Plaintiffs' Motion for a Preliminary Injunction, submitted herewith. The Attorney General's brief also cites an as-yet unpublished opinion in *Vermont Right to Life Committee, Inc. v. Sorrell*, No. 2:09-cv-188, --F. Supp. 2d--, 2012 WL 2370445 (D. Vt. June 21, 2012), but I refrain from attaching it here because plaintiffs have already provided it to the Court in an addendum to their Memorandum in Support of Motion for a Preliminary and Permanent Injunction (dkt. no. 4-11).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 17, 2012, in Albany, New York.

/s/ Kelly L. Munkwitz
Kelly L. Munkwitz

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
ALBANY DIVISION**

| | |
|---|---|
| HISPANIC LEADERSHIP FUND, INC.; FREEDOM NEW YORK,  Plaintiffs,  vs.  NEW YORK STATE BOARD OF ELECTIONS et al.,  Defendants. | Case No. 1:12-cv-1337 (MAD/TWD) |

**MEMORANDUM OF LAW
IN SUPPORT OF MOTION OF THE ATTORNEY GENERAL OF
THE STATE OF NEW YORK TO INTERVENE IN THIS ACTION**

ERIC T. SCHNEIDERMAN
  *Attorney General*
  *State of New York*
BARBARA D. UNDERWOOD
  *Solicitor General*
RICHARD DEARING
  *Deputy Solicitor General*
BRIAN A. SUTHERLAND
  *Assistant Solicitor General*
KELLY L. MUNKWITZ
  *Assistant Attorney General*
Litigation Bureau
The Capitol
Albany, New York  12224
Kelly.Munkwitz@ag.ny.gov
Tel:  (518) 486-4603

September 17, 2012

The Attorney General of the State of New York submits this memorandum of law pursuant to Local Rule 7.1(a)(1) in support of his motion to intervene as of right pursuant to Rule 24 of the Federal Rules of Civil Procedure and for permission to file a brief in opposition to plaintiffs' motion for a preliminary injunction on September 17, 2012.

The Attorney General has a duty under New York law to defend the constitutionality of state statutes. *See, e.g.*, *Mendez v. Heller*, 530 F.2d 457, 460 (2d Cir.1976) (citing New York Executive Law §§ 63(1), 71)). Under federal law, he may intervene on behalf of the State, *see* 28 U.S.C. § 2403(b), including in cases in which the Board of Elections is named as a defendant, *see Lopez Torres v. New York State Bd. of Elections*, 462 F.3d 161, 182 (2d Cir. 2006) (noting that the district court granted the Attorney General's "motion to intervene statutorily"); *Hewes v. Abrams*, 718 F. Supp. 163, 168 (S.D.N.Y. 1989) (dismissing Board and Attorney General as parties and granting Attorney General's motion to "to intervene in defense of the constitutionality of the challenged statute"). Moreover, the Attorney General separately represents the State in certain cases in which both the State and the Board are named as defendants. *See United States v. New York*, No. 10-cv-1214 (GLS) (N.D.N.Y.) (docket sheet); *United States v. New York*, No. 09-cv-335 (GLS) (N.D.N.Y.) (docket sheet); *United States v. New York State Board of Elections*, No. 06-cv-263 (GLS) (N.D.N.Y.) (docket sheet).

Here, the commissioners have retained separate legal counsel and, while the commissioners are unified in their position that the motion for a preliminary injunction should be denied and the case dismissed, *see* Declaration of Justin E. Driscoll ¶¶ 2-3 (dkt. no. 20), Commissioners Walsh and Peterson declined to join the brief in opposition to plaintiffs' motion for a preliminary injunction submitted by Commissioners Kellner and Aquila (dkt. no. 19). Under these circumstances, the Attorney General intervenes as New York's chief legal officer to

present the position of the State in defense of the constitutionality of the statute, and respectfully asks the Court to accept his brief in opposition to plaintiffs' motion for a preliminary injunction, submitted herewith.[1]

    Dated: September 17, 2012
           Albany, New York

                                      Respectfully submitted,

                                      ERIC T. SCHNEIDERMAN
                                        *Attorney General*
                                        *State of New York*
                                      BARBARA D. UNDERWOOD
                                        *Solicitor General*
                                      RICHARD DEARING
                                        *Deputy Solicitor General*
                                      BRIAN A. SUTHERLAND
                                        *Assistant Solicitor General*

                                    By: <u>/s Kelly Munkwitz</u>
                                        KELLY L. MUNKWITZ (No. 509910)
                                        *Assistant Attorney General*
                                        Litigation Bureau
                                        The Capitol
                                        Albany, New York  12224
                                        Kelly.Munkwitz@ag.ny.gov
                                        Tel:  (518) 486-4603

---

[1] As noted in our letter dated September 13, 2012 (dkt. no. 22), plaintiffs seek to reply to the Attorney General's opposition papers on or before September 21, 2012, and the Attorney General does not oppose that request or any other reasonable request for a reply by other parties.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
ALBANY DIVISION

| | |
|---|---|
| HISPANIC LEADERSHIP FUND, INC.; FREEDOM NEW YORK, <br><br> Plaintiffs, <br><br> vs. <br><br> NEW YORK STATE BOARD OF ELECTIONS et al., <br><br> Defendants. | Case No. 1:12-cv-1337 (MAD/TWD) |

**[PROPOSED] ORDER TO SHOW CAUSE**

The Court has considered the Declaration of Kelly L. Munkwitz in support of the motion of the Attorney General of the State of New York to intervene in this action and the Attorney General's memorandum of law in support of the motion to intervene. On the basis of these papers, the Attorney General has shown good and sufficient cause why the standard Notice of Motion procedure cannot be used and that the Court should dispense with the Notice of Motion requirement of Local Rule 7.1(b).

Based on the foregoing, the Court hereby:

**ORDERS** that the parties show cause, if there be any, to this Court by submission on papers as ordered herein, before the Honorable Mae A. D'Agostino, United States District Court Judge at the United States Courthouse, 445 Broadway, Albany, New York, why an order should not be entered granting the Attorney General's motion to intervene and for permission to file papers in opposition to plaintiffs' motion for a preliminary injunction on September 17, 2012,

and why such other relief should not be granted to the Attorney General that this Court deems just and proper; and the Court further

**ORDERS** that the parties may serve and file any opposition to the Attorney General's motion to intervene on or before _____; and the Court further

**ORDERS** that, if any party files papers in opposition to the Attorney General's motion to intervene, the Attorney General may serve and file any reply papers on or before _____ ; and the Court further

**ORDERS** that no personal appearance is required | the parties shall appear for a hearing on _____, at _____ ; and the Court further

**ORDERS** that the Attorney General shall serve this Order to Show Cause, along with all of its submissions, on all the parties by overnight mail or personal service on or before September _____, 2012.

**IT IS SO ORDERED**.


Dated:  September ____, 2012
       Albany, New York

                                                                             _____
                                                                             Mae A. D'Agostino
                                                                             United States District Judge