IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
ALBANY DIVISION

|  |  |
|---|---|
| THE HISPANIC LEADERSHIP FUND, INC. and FREEDOM NEW YORK,<br><br>*Plaintiffs*,<br><br>-against-<br><br>NEW YORK STATE BOARD OF ELECTIONS, JAMES A. WALSH, Co-chair New York State Board of Elections, DOUGLAS A. KELLNER, Co-chair New York State Board of Elections, EVELYN J. AQUILA, Commissioner of New York State Board of Elections, GREGORY P. PETERSON, Commissioner of New York State Board of Elections.<br><br>*Defendants*. | Civil Action No.: 1:12-cv-01337 |

## AMENDED COMPLAINT

Plaintiffs The Hispanic Leadership Fund, Inc. ("HLF") and Freedom New York ("FNY"), by and through their attorneys, bring this action against the New York State Board of Elections ("BOE"), James A. Walsh, co-chair BOE, Douglas A. Kellner, co-chair BOE, BOE Commissioner Evelyn J. Aquila and BOE Commissioner Gregory P. Peterson (collectively, "Defendants") and allege as follows:

### NATURE OF ACTION

1.     Plaintiffs bring this action pursuant to 28 U.S.C. §§ 2201 and 2202 and 42 U.S.C. § 1983 to declare the New York Election Law ("Election Law"), in part, and defendants' application thereof as specified herein, to be in violation of Plaintiffs' right to speech and association guaranteed under the First Amendment of the Constitution of the United States,

applicable to the Defendants pursuant to the Fourteenth Amendment. Plaintiffs also seek to enjoin and redress those violations.

2. As political speech is the beating heart of our constitutional republic, Plaintiffs here seek to contribute to the political debate in New York.[1] Specifically, Plaintiffs seek to meaningfully participate in the upcoming election in New York ("Upcoming Election").

3. In filing this action, Plaintiffs seek to prevent New York from imposing arbitrary and unconstitutional caps on independent political speech and to allow Plaintiffs, and others similar situated, to engage in robust political discourse in New York politics.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiffs' First and Fourteenth Amendment claims pursuant to 28 U.S.C. §1331 because the cause of action arises under the Constitution and the laws of the United States, and has jurisdiction over Plaintiffs' Section 1983 claims pursuant to 28 U.S.C. § 1343.

5. Venue properly lies in the Northern District of New York pursuant to 28 U.S.C. § 1391(b) in that the Defendants reside and perform their official duties in this Federal district.

## PLAINTIFFS

6. HLF is a non-partisan 501(c)(4) social welfare organization incorporated in Virginia that actively speaks on the salient issues of the day.

7. FNY is an independent expenditure-only, Type 9, unauthorized committee registered with the New York State Board of Elections that promotes conservative approaches and principles to salient New York issues.

---

[1] *FEC v. Wis. Right to Life, Inc.*, 551 U.S. 449, 488 (2007) ("The principle that such advocacy is at the heart of the First Amendment's protection and is indispensable to decisionmaking in a democracy is no less true because the speech comes from a corporation rather than an individual.") (internal quotes omitted).

**DEFENDANTS**

8. The BOE, a board within the executive branch of New York State government that is created and maintained pursuant to Article 3 of the Election Law, enforces the New York State Election Laws. Its principal place of business is located at 40 North Pearl Street, Suite 5, Albany, NY 12207. The BOE is comprised of four commissioners who are currently defendants: James A. Walsh, Douglas A. Kellner, Evelyn J. Aquila and Gregory P. Peterson.

9. James A. Walsh is co-chair and a commissioner of the BOE and was appointed pursuant to Article 3 of the Election Law. His principal place of business is located at 40 North Pearl Street, Suite 5, Albany, NY 12207. As a commissioner, his powers and duties include, among other things, the administration and enforcement of the campaign finance provisions of the Election Law.

10. Douglas A. Kellner is co-chair and a commissioner of the BOE and was appointed pursuant to Article 3 of the Election Law. His principal place of business is located at 40 North Pearl Street, Suite 5, Albany, NY 12207. As a commissioner, his powers and duties include, among other things, the administration and enforcement of the campaign finance provisions of the Election Law.

11. Evelyn J. Aquila is a commissioner of the BOE and was appointed pursuant to Article 3 of the Election Law. Her principal place of business is located at 40 North Pearl Street, Suite 5, Albany, NY 12207. As a commissioner, her powers and duties include, among other things, the administration and enforcement of the campaign finance provisions of the Election Law.

12. Gregory P. Peterson is a commissioner of the BOE and was appointed pursuant to Article 3 of the Election Law. His principal place of business is located at 40 North Pearl Street,

Suite 5, Albany, NY 12207. As a commissioner, his powers and duties include, among other things, the administration and enforcement of the campaign finance provisions of the Election Law.

## STATEMENT OF FACTS

### The Plaintiffs Desire to Participate in the Upcoming Election

13. HLF accomplishes its mission of speaking on the salient issues of the day through the use of television, radio and print advertisements.

14. HLF also makes contributions to like-minded organizations.

15. Occasionally, HLF will engage in political speech expressly advocating for the election or defeat of a candidate, but HLF's major purpose is issue advocacy.

16. HLF wishes to spend more than $5,000 on independent expenditures in New York this year.

17. HLF has never and does not plan on making any contribution to any candidate for any office. It does, however, wish to make contributions in excess of $5,000 to New York political committees, such as FNY, for the purpose of supporting FNY's independent expenditures.

18. Due to the restrictions imposed by the Election Law, HLF has refrained from making contributions in excess of $5,000 to New York political committees so as to avoid civil and criminal penalties imposed for violations of the Election Law.

19. HLF needs to commence immediately making contributions to New York political committees for the purpose of expressing its views through independent expenditures to participate meaningfully in Upcoming Election.

-5-

20. FNY, in furtherance of its mission to promote conservative approaches and principles to salient New York issues, wishes to solicit and accept corporate contributions this year in excess of $5,000 for the purpose of expressing its views through independent expenditures.

21. FNY also desires to accept contributions this year in excess of $150,000 from individual contributors – as well as donations from individual contributors who would exceed the $150,000 aggregate annual limit if they were to contribute to FNY – for the purpose of expressing its views through independent expenditures.

22. On or about August 1, 2012, FNY's counsel spoke with a representative of the BOE regarding contribution limits to independent expenditure-only committees and was referred to BOE 1994 Opinion #3 (April 25, 1994) as the controlling authority interpreting the Election Law limitations on donations to such committees as campaign contributions.

23. On or about August 20, 2012, FNY's counsel sought further guidance from Mr. William McCann, Special Deputy Counsel of the BOE, who reiterated that 1994 Opinion #3 continues to be the official position of the BOE regarding limitations on contributions to independent expenditure groups.

24. Due to the restrictions imposed by the Election Law, FNY has refrained from soliciting and accepting contributions for the purpose of expressing its views through independent expenditures in excess of New York statutory limits so as to avoid criminal and civil penalties imposed for violations of the Election Law.

25. FNY needs to commence raising funds and making independent expenditures immediately to participate meaningfully in the Upcoming Election.

**Statutory Scheme and Constitutional Violations**

26. The BOE, acting through its Commissioners under color of state law, unconstitutionally limits independent expenditures.

27. Independent expenditures are expenditures that are not coordinated with a candidate. *See* Election Law § 14-100(9)(3) (excluding from the definition of contribution, which is subject to statutory limits, any payment "made, taken or performed by . . . a person or a political committee independent of the candidate or his agents or authorized political committees").

28. Election Law § 14-116(2) imposes a $5,000 ceiling on the amount corporations can spend on all political contributions, including independent expenditures, for an entire calendar year.

29. Those who violate this statute are guilty of a misdemeanor. *See* N.Y. Elec. Law § 14-116(1).

30. Election Law § 14-114(8) imposes a $150,000 ceiling on the amount an individual may spend on all political contributions, including independent expenditures. *See* N.Y. Elec. Law § 14-114(8), *as interpreted by* BOE 1994 Opinion #3 (April 25, 1994).

31. As such, Election Law §§ 14-116(2) and 14-114(8) limit the amount a "political committee" can accept, even if the committee only makes independent expenditures.

32. New York further restrains speech by making the acceptance and the giving of a contribution exceeding the maximum specified in Article 14 of the Election Law a misdemeanor – thereby threatening imprisonment for the exercise of First Amendment rights – and by making the accepting of such contributions subject to civil penalties. *See* N.Y. Elec. Law § 14-126.

33.   It is unconstitutional to restrain independent expenditures.  *See Citizens United v. FEC*, 130 S. Ct. 876, 909 (2010);  *Buckley*, 424 U.S. 1, 23, 45-48 (1976).

34.   Election Law §§ 14-116(2) and 14-114(8) are unconstitutional as applied to individuals and corporations that engage in independent expenditures, *see Citizens United*, 130 S. Ct. at 900, and are unconstitutional as applied to political committees that want to create and maintain accounts for the purpose of expressing their views through independent expenditures, *see Speechnow.org, v. FEC*, 599 F.3d 686 (D.C. Cir. 2010) (en banc) *cert. denied*, 131 S. Ct. 553 (2010).

35.   Accordingly, the actions of the BOE, acting through its Commissioners under color of state law, place severe and unconstitutional burdens on HLF's right to make independent expenditures, and FNY's right to solicit and accept independent expenditures.

## FIRST CAUSE OF ACTION

**Defendants, Acting Under the Color of State Law, Violate FNY's Constitutional Rights By Prohibiting It From Soliciting and Accepting Unlimited Contributions For the Purpose of Expressing Its View Through Independent Expenditures**

36.   Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 35, above.

37.   42 U.S.C. § 1983 applies nationwide against all those who, when acting under the color of state authority, deprive a citizen of the United States, or any person subject to its jurisdiction, his or her constitutional rights.

38.   The statute reads as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial

officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

39. The BOE is subject to this statute as it acts under the color of state law.

40. Individuals are permitted to contribute up to $150,000 in the aggregate in a calendar year, *see* N.Y. Elec. Law § 14-114(8), while New York limits corporations to $5,000, *see* N.Y. Elec. Law § 14-116.

41. Election Law §§ 14-116(2) and 14-114(8) (as interpreted by the BOE in BOE 1994 Opinion #3 (April 25, 1994)) limit the amount a "political committee" can accept, even if the committee only makes independent expenditures.

42. FNY, an independent expenditure-only committee, wishes to solicit and accept unlimited contributions from any source for the purpose of expressing its views through independent expenditures.

43. The limitations imposed by the BOE, acting through its Commissioners under color of state law, on contributions made to independent expenditure-only organizations violates the First Amendment to the United States Constitution.

44. The Defendants' enforcement of this statute deprives FNY of its constitutional rights, and Defendants should be enjoined from enforcement of the challenged statutes as applied to FNY.

## SECOND CAUSE OF ACTION

**Defendants, Acting Under the Color of State Law, Violate HLF's Constitutional Rights By Limiting Contribution Amounts to Independent Expenditure-only Committees Like FNY**

45. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 44, above.

46. Election Law § 14-116(2) imposes a $5,000 ceiling on the amount corporations can spend on all political contributions, including independent expenditures, for an entire calendar year.

47. Established Supreme Court precedent has held that it is unconstitutional to restrain independent expenditures. *See Citizens United*, 130 S. Ct. at 909; *Buckley*, 424 U.S. at 23, 45-48.

48. HLF wishes to contribute more than $5,000 to FNY and other independent expenditure committees for the purpose of supporting FNY's and such other groups' independent expenditures.

49. The limitations imposed by the BOE, acting through its Commissioners under color of state law, on contributions made to independent expenditure-only organizations violates the First Amendment to the United States Constitution.

50. The Defendants' enforcement of this statute deprives HLF of its constitutional rights, and Defendants should be enjoined from enforcement of the challenged statutes as applied to HLF.

## THIRD CAUSE OF ACTION
### Declaratory Judgment

51. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 50, above.

52. HLF is entitled to a declaratory judgment declaring that it is entitled to make unlimited contributions to political committees like FNY for the purpose of expressing its views through independent expenditures.

53. FNY is entitled to a declaratory judgment declaring that it is entitled to solicit and accept unlimited contributions from any source for the purpose of expressing its views through independent expenditures.

54. Absent declaratory relief, Plaintiffs will continue to be damaged by the continued enforcement of the challenged statutes.

**WHEREFORE**, Plaintiffs respectfully request an order and judgment:

(a) Declaring Defendants' $5,000 limitation on corporate contributions to independent expenditure-only committees to be invalid and enjoining Defendants preliminarily and permanently from imposing such limitations;

(b) Declaring Defendants' limitations on the solicitation and acceptance of contributions from any source for the purpose of making independent expenditures to be invalid and enjoining Defendants preliminarily and permanently from imposing such limitations;

(c) Awarding Plaintiffs attorneys' fees, costs and other relief provided by 42 U.S.C. §1988; and

(d) Such other and further relief as this Court may deem just and proper.

Dated: New York, New York
January 31, 2013

BRACEWELL & GIULIANI

/s/ Laurence A. Levy
Laurence A. Levy (517725)
Andrew K. Rafalaf (517726)
1251 Avenue of the Americas
New York, New York 10020
(212) 508-6403 (t)
(212) 938-3878 (f)
larry.levy@bgllp.com
andrew.rafalaf@bgllp.com

*Attorneys for Freedom New York*

HOLTZMAN VOGEL JOSEFIAK PLLC
Jason Torchinsky (*pro hac vice* admission pending)
45 North Hill Drive, Suite 100
Warrenton, Virginia 20186
(540) 341-8808
(202) 302-6768
jtorchinsky@hvjlaw.com

*Attorneys for The Hispanic Leadership Fund, Inc.*

-11-