UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
ALBANY DIVISION

| | |
|---|---|
| THE HISPANIC LEADERSHIP FUND, INC. and FREEDOM NEW YORK,<br><br>*Plaintiffs*,<br><br>-against-<br><br>NEW YORK STATE BOARD OF ELECTIONS, JAMES A. WALSH, Co-chair New York State Board of Elections, DOUGLAS A. KELLNER, Co-chair New York State Board of Elections, EVELYN J. AQUILA, Commissioner of New York State Board of Elections, GREGORY P. PETERSON, Commissioner of New York State Board of Elections.<br><br>*Defendants*. | Case No.: 1:12-CV-01337 (MAD/TWD) |

## STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED, between the undersigned counsel for the parties to this action, as follows:

1. Good cause exists to protect the confidential nature of information that may be exchanged during the course of the above-captioned action through, among other things, documents, interrogatory responses, and deposition testimony. This action concerns confidential information and sensitive financial information that typically would not be disclosed absent a non-disclosure agreement, if at all. The entry into this Stipulation of Confidentiality and Protective Order ("Stipulation and Order") is warranted to protect against unauthorized disclosure of such information.

2. The terms of this Stipulation and Order shall govern the discovery and use of materials designated as "CONFIDENTIAL INFORMATION" in accordance with the terms

1

hereof, including the procedures for challenging designations of confidentiality and the terms, conditions and restrictions on the production and use of the confidential material. This Stipulation and Order shall apply to all information, documents and things subject to discovery under the Federal Rules of Civil Procedure from any party to this action, and any persons or entities not party to this litigation, who produce documents in this litigation, including, without limitation, testimony adduced at depositions upon oral examination or upon written question, answers to interrogatories, documents and tangible things produced, and answers to requests for admission.

      3.    A party producing information, documents or things in discovery (including any documents already produced by either party or any third party prior to the entry of this Order), which it believes to be "CONFIDENTIAL INFORMATION," under the standards provided herein may designate the same by marking the information, document, thing or production as "CONFIDENTIAL INFORMATION". Any such designation shall be made at the time that answers to interrogatories or answers to requests for admission are served; or at the time that tangible things or copies of documents are furnished to a party conducting such discovery; for documents already produced by a party or third party prior to the entry of this Order, the designation shall be made within 15 days of the entry of this Order; and in the case of a deposition transcript, a party claiming that information contained therein is "CONFIDENTIAL INFORMATION" shall advise opposing counsel in writing of the specific pages of the deposition to be treated as "CONFIDENTIAL INFORMATION" within fifteen (15) days after receipt of the transcript of the deposition. All depositions shall be treated as "CONFIDENTIAL INFORMATION" for fifteen (15) days after receipt of a full and complete transcript. Alternatively, information disclosed at a deposition may be designated by any party as

"CONFIDENTIAL INFORMATION" by indicating on the record at the deposition that the specific portions of testimony are so designated. The portions of deposition testimony containing "CONFIDENTIAL INFORMATION" shall be stamped "CONFIDENTIAL INFORMATION" and access thereto shall be limited as provided herein.

    4.    A party designating information as "CONFIDENTIAL INFORMATION" may make such designation as to information that it believes in good faith is information it is entitled to protect under Fed. R. Civ. P. 26(c), including but not limited to proprietary and financial information (i) containing confidential research, development, or commercial information, (ii) identifying the names of contributors to HLF, except to the extent that the names of such contributors have been identified in publicly-available documents or filings, or (iii) not required to be publicly filed with any governmental or regulatory body that would cause substantial harm to the designating party or other persons if disclosed to the public.

    5.    Any party that wishes to challenge another party's designation of a document as "CONFIDENTIAL INFORMATION" shall do so in writing. If the parties cannot, after good-faith negotiation, resolve the disagreement over what shall be designated as "CONFIDENTIAL INFORMATION," the parties shall submit a joint letter to the Court (Magistrate Judge Dancks) to request a ruling.

    6.    All documents and information produced or revealed in this litigation and which have been designated as "CONFIDENTIAL INFORMATION" shall be subject to the following restrictions:

        a)    the documents and information shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever, except as otherwise provided in this Stipulation and Order;

      b)     the documents and information shall not be shown or communicated in any way inconsistent with this Stipulation and Order, and persons receiving "CONFIDENTIAL INFORMATION," including the employees, agents and experts of the Parties, shall not make further disclosure to anyone except as allowed by this Stipulation and Order or otherwise required by law or court order;

      c)     although nothing in this Agreement shall be construed as abrogating or superseding New York's Freedom of Information Law, codified at N.Y. Public Officers Law §§ 86 et seq. ("FOIL"), which is applicable to the New York State Attorney General and the New York State Board of Elections, "CONFIDENTIAL INFORMATION" shall not be released to a person not a party to this action that requests such information pursuant to FOIL ("Requesting Party") before following the procedures set forth at N.Y. Public Officers Law § 89(5) and in paragraph 11 of this Stipulation and Order;

      d)     nothing in this Stipulation and Order shall be construed to limit in any way the right of the designating party to use his own "CONFIDENTIAL INFORMATION" material for any purpose or by any party to use documents or information to which he has access by other legitimate means.

      7.     The terms of this Stipulation and Order shall not prohibit disclosure of any "CONFIDENTIAL INFORMATION": (a) by the designating party to any employee of the designating party; or (b) by any party to any person who is an author or designated recipient of the document, including addressees and designated recipients of copies; or (c) by any party to any person or entity who received or had a copy of or had seen a copy of the "CONFIDENTIAL INFORMATION" prior to its production in this action, provided that such person or entity may

4

not retain any copy of such document containing "CONFIDENTIAL INFORMATION" furnished in connection with this litigation.

8. If a party includes "CONFIDENTIAL INFORMATION" in pleadings, motions, briefs, or any other document to be filed with the Court, the party shall file a redacted copy (redacting the "CONFIDENTIAL INFORMATION") and an unredacted copy of the document. The redacted copy shall be filed electronically according to Court's procedures for electronic filing in the ordinary course. The unredacted copy shall be placed in a sealed envelope designating the same as subject to this Stipulation and Order, and when so filed, the same shall be opened only by personnel authorized by the Court. Nothing in this Order, however, shall otherwise prohibit or restrict a party from presenting, using or referring to any "CONFIDENTIAL INFORMATION" in the form of testimony or documents as part of any pretrial hearing or other proceeding conducted by this Court.

9. Documents which have been designated as "CONFIDENTIAL INFORMATION" shall not lose their "CONFIDENTIAL INFORMATION" character simply because they are designated as exhibits to a deposition, regardless of whether the deposition or deposition transcript itself is later designated, in whole or in part, as "CONFIDENTIAL INFORMATION."

10. Nothing contained in this Stipulation and Order, and no action taken pursuant to this Stipulation and Order, shall prejudice the right of any party to urge or contest the alleged relevancy, admissibility, or discoverability of any information or any documents subject to this Stipulation and Order. Inspection of "CONFIDENTIAL INFORMATION" by the receiving party shall be conducted only by the receiving party and its counsel, employees, and experts, who shall treat any information in these documents as "CONFIDENTIAL INFORMATION."

11. If "CONFIDENTIAL INFORMATION," in possession of a party to this action is subpoenaed by any court, administrative agency, legislative body, or any other person not a party to this action, or if a party should receive a FOIL request for such "CONFIDENTIAL INFORMATION," the party to whom the subpoena or FOIL request is directed shall promptly notify in writing counsel for the designating party by email, and shall withhold such Confidential Information for the requisite period set forth in Public Officers Law § 89(5). The responsibility for attempting to prevent the disclosure or production of such information shall exclusively rest with the party who designated the information as "CONFIDENTIAL INFORMATION."

12. The inadvertent disclosure to another party of any document (produced under this Order or produced by either party prior to the entry of this Order) which is subject to a legitimate claim that the document should have been withheld from disclosure as a privileged attorney-client communication, or attorney work product shall extend only to the document inadvertently disclosed and shall not waive or otherwise affect the right to withhold from production as privileged or work product any other documents or information, even though such documents or information may relate to the same or a related transaction or subject matter as the document inadvertently disclosed. Upon a request made in good faith on or before 20 days after discovery that the document should have been withheld as privileged (and in no event more than 15 days after the deadline for all discovery established by agreement or by Order of the Court (including any extension of such deadline)), any such privileged or work product document inadvertently disclosed shall be returned to the producing party upon request, together with all copies of any such documents. The privileged or work product status of such document or information shall be deemed to be restored upon the making of such request. Provided, however, nothing herein shall preclude the non-producing party from requesting the Court to determine i) whether the

document or information is privileged or work product information, or ii) even if the document is privileged or work product information, whether under applicable case law, the manner in which such document or information was produced effected a waiver of such privilege. In the event that the non-producing party intends to challenge such claim of inadvertent production or privilege, the non-producing party may retain a copy of such document for such purpose.

13.  Any of the parties to this lawsuit may, by written agreement or a motion to the Court, seek a modification of this Stipulation and Order.

14.  This Stipulation and Order shall remain in effect after the conclusion of this litigation. Within thirty (30) days after the conclusion of this litigation (including any appeal from any judgment), and subject to further order of this Court or written stipulation of the parties, each party shall destroy all documents, exhibits, deposition transcripts and copies thereof, containing material marked by the producing or designating party as "CONFIDENTIAL INFORMATION."

15.  The Court will prescribe any procedures it deems reasonable and necessary with respect to "CONFIDENTIAL INFORMATION."

16.  The parties shall treat this Stipulation and Order as effective upon execution.

Dated: May 13, 2013

By: /s/ *[signature]*

BRACEWELL & GIULIANI LLP
Laurence A. Levy, Esq. (Bar ID#: 517725)
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 508-6100
Email: larry.levy@bgllp.com

*Attorneys for Plaintiff Freedom New York*

By: /s/ *[signature]*

HOLTZMAN VOGEL JOSEFIAK PLLC
Jason Torchinsky, Esq. (*pro hac vice*)
45 North Hill Drive, Suite 100
Warrenton, Virginia 20186
Telephone: (540) 341-8808
Email: jtorchinsky@hvjlaw.com

*Attorneys for Plaintiff The Hispanic
Leadership Fund, Inc.*

By: _____

THE ATTORNEY GENERAL OF THE
STATE OF NEW YORK
Brian A. Sutherland, Esq. (Bar ID#: 107035)
(*pro hac vice*)

120 Broadway, 25th Floor
New York, New York 10271
Telephone: (212) 416-8096
Email: brian.sutherland@ag.ny.gov

*Attorneys for Intervenor-Defendant
The State of New York*

By: /s/ Craig R. Bucki

PHILLIPS LYTLE LLP
Craig R. Bucki, Esq. (Bar ID#: 517762)
Kenneth A. Manning, Esq. (Bar ID#: 513311)
Omni Plaza
30 South Pearl Street
Albany, New York 12207
Telephone: (716) 847-5495
Email: cbucki@phillipslytle.com
Email: kmanning@phillipslytle.com

*Attorneys for Defendants Kellner and Aquila*

By: _____

BROWN & WEINRAUB, PLLC
Justin E. Driscoll, Esq. (Bar ID#: 510293)
50 State Street, 4th Floor
Albany, NY 12207
Telephone: (518) 427-7350
Email: jdriscoll@brownweinraub.com

*Attorneys for Defendants Walsh and Peterson*

SO ORDERED this ___ day of May 2013 by:

_____
U.S.M.J.

8

By: _____

BRACEWELL & GIULIANI LLP
Laurence A. Levy, Esq. (Bar ID#: 517725)
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 508-6100
Email: larry.levy@bgllp.com

*Attorneys for Plaintiff Freedom New York*

By: _____

HOLTZMAN VOGEL JOSEFIAK PLLC
Jason Torchinsky, Esq. (*pro hac vice*)
45 North Hill Drive, Suite 100
Warrenton, Virginia 20186
Telephone: (540) 341-8808
Email: jtorchinsky@hvjlaw.com

*Attorneys for Plaintiff The Hispanic Leadership Fund, Inc.*

By: _____

THE ATTORNEY GENERAL OF THE STATE OF NEW YORK
Brian A. Sutherland, Esq. (Bar ID#: 107035)
(*pro hac vice*)

120 Broadway, 25th Floor
New York, New York 10271
Telephone: (212) 416-8096
Email: brian.sutherland@ag.ny.gov

*Attorneys for Intervenor-Defendant The State of New York*

By: _____

PHILLIPS LYTLE LLP
Craig R. Bucki, Esq. (Bar ID#: 517762 )
Kenneth A. Manning, Esq. (Bar ID#: 513311)
Omni Plaza
30 South Pearl Street
Albany, New York 12207
Telephone: (716) 847-5495
Email: cbucki@phillipslytle.com
Email: kmanning@phillipslytle.com

*Attorneys for Defendants Kellner and Aquila*

By: */s/ Justin Driscoll*

BROWN & WEINRAUB, PLLC
Justin E. Driscoll, Esq. (Bar ID#: 510293)
50 State Street, 4th Floor
Albany, NY 12207
Telephone: (518) 427-7350
Email: jdriscoll@brownweinraub.com

*Attorneys for Defendants Walsh and Peterson*

SO ORDERED this \_\_\_ day of May 2013 by:

_____
U.S.M.J.

By: _____

BRACEWELL & GIULIANI LLP
Laurence A. Levy, Esq. (Bar ID#: 517725)
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 508-6100
Email: larry.levy@bgllp.com

*Attorneys for Plaintiff Freedom New York*

By: _____

HOLTZMAN VOGEL JOSEFIAK PLLC
Jason Torchinsky, Esq. (*pro hac vice*)
45 North Hill Drive, Suite 100
Warrenton, Virginia 20186
Telephone: (540) 341-8808
Email: jtorchinsky@hvjlaw.com

*Attorneys for Plaintiff The Hispanic Leadership Fund, Inc.*

By: *[signature]*

THE ATTORNEY GENERAL OF THE STATE OF NEW YORK
Brian A. Sutherland, Esq. (Bar ID#: 107035)
(*pro hac vice*)

120 Broadway, 25th Floor
New York, New York 10271
Telephone: (212) 416-8096
Email: brian.sutherland@ag.ny.gov

*Attorneys for Intervenor-Defendant The State of New York*

By: _____

PHILLIPS LYTLE LLP
Craig R. Bucki, Esq. (Bar ID#: 517762)
Kenneth A. Manning, Esq. (Bar ID#: 513311)
Omni Plaza
30 South Pearl Street
Albany, New York 12207
Telephone: (716) 847-5495
Email: cbucki@phillipslytle.com
Email: kmanning@phillipslytle.com

*Attorneys for Defendants Kellner and Aquila*

By: _____

BROWN & WEINRAUB, PLLC
Justin E. Driscoll, Esq. (Bar ID#: 510293)
50 State Street, 4th Floor
Albany, NY 12207
Telephone: (518) 427-7350
Email: jdriscoll@brownweinraub.com

*Attorneys for Defendants Walsh and Peterson*

IT IS SO ORDERED:

*[signature]*
Thérèse Wiley Dancks
U.S. Magistrate Judge

Dated: May 16, 2013
Syracuse, NY

8