**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**THE HISPANIC LEADERSHIP FUND, INC., and**
 **FREEDOM NEW YORK,**

                    **Plaintiffs,**

  vs.                                                                    1:12-cv-1337
                                                                             (MAD/TWD)

**JAMES A. WALSH, Co-chair of New York State**
**Board of Elections; DOUGLAS A. KELLNER,**
**Co-chair New York State Board of Elections;**
**EVELYN J. AQUILA, Commissioner of New York**
**State Board of Elections; GREGORY P.**
**PETERSON, Commissioner of New York State**
**Board of Elections,**

                    **Defendants,**
    **and**

**NEW YORK STATE,**

                 **Intervenor-Defendant.**
_____

**APPEARANCES:**                                         **OF COUNSEL:**

**HOLTZMAN, VOGEL & JOSEFIAK, PLLC**      **JASON B. TORCHINSKY, ESQ.**
45 North Hill Drive – Suite 100
Warrenton, Virginia 20186
Attorneys for The Hispanic Leadership
Fund, Inc.

**POLITICAL LAW GROUP**                           **DOUGLAS CHALMERS, ESQ.**
**a CHALMERS LLC**
5805 State Bridge Road #G77
Johns Creek, Georgia 30097
Attorneys for Freedom New York

**JAMES E. WALSH LAW FIRM**                    **JAMES E. WALSH, ESQ.**
20 Church Avenue
Ballston Spa, New York 12020
Attorneys for Freedom New York

| | |
|---|---|
| **BROWN & WEINRAUB, PLLC** | **JUSTIN E. DRISCOLL, ESQ.** |
| 233 Broadway – Suite 2070 | |
| New York, New York 10279 | |
| Attorneys for Defendants Walsh and Peterson | |
| | |
| **PHILLIPS LYTLE, LLP** | **KENNETH A. MANNING, ESQ.** |
| 3400 HSBC Center | **CRAIG R. BUCKI, ESQ.** |
| Buffalo, New York 14203-2887 | |
| Attorneys for Defendants Kellner and Aquila | |
| | |
| **OFFICE OF THE NEW YORK STATE ATTORNEY GENERAL** | **KELLY L. MUNKWITZ, AAG** |
| | **JAMES SEAMAN, AAG** |
| The Capitol | **BRIAN A. SUTHERLAND, AAG** |
| Albany, New York 12224 | **CATHY Y. SHEEHAN, AAG** |
| Attorneys for Intervenor-Defendant New York State | **JOSHUA PEPPER, AAG** |

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

On May 28, 2014, the Court held a status conference with the parties to discuss Plaintiffs' pending motion for summary judgment and decisions issued by other courts after Plaintiffs filed their motion. On July 1, 2014, Plaintiffs filed a letter requesting another conference with the Court to discuss the status of their pending motion. *See* Dkt. No. 154. Plaintiffs' request is denied. The Court is well aware of the upcoming elections and Plaintiffs' desire for the Court to act on their motion. In fact, the Court indicated that it would take Plaintiffs' motion out of order in light of the time-sensitive nature of the case. Another telephone conference would only serve to create additional delay and Plaintiffs' counsel need not remind the Court of its scheduling discussion at the recent status conference.

Regardless of whether the Court agrees with the Supreme Court's interpretation of the First Amendment in the context of this case, having thoroughly reviewed the parties' submissions regarding the pending motions, as well as the relevant law, the Court must conclude that the

2

contribution limits set forth in New York Election Law §§ 14-114(8) and 14-116 are unconstitutional as applied to Plaintiffs Hispanic Leadership Fund ("HLF") and Freedom New York ("FNY").[1]  *See McCutcheon v. FEC*, 134 S. Ct. 1434 (2014); *New York Progress and Protection PAC v. Walsh*, ___ F. Supp. 2d ___, 2014 WL 1641781, *3 (S.D.N.Y. 2014) (enjoining the enforcement of N.Y. Elec. Law §§ 14-114(8) and 14-126, finding that they are unconstitutional as applied to independent expenditure only organizations); *Wisconsin Right to Life, Inc. v. Barland*, ___ F.3d ___, 2014 WL 1929619 (7th Cir. 2014); *Fund for Louisiana's Future v. Louisiana Bd. of Ethics*, ___ F. Supp. 2d ___, 2014 WL 1764781, *7 (E.D. La. 2014) ("Endorsing the Supreme Court's pronouncement that independent expenditures, as a matter of law, do not give rise to corruption, seven U.S. Courts of Appeals, including the Fifth Circuit, and a number of U.S. District Courts have taken Citizens United one step further in the face of challenges to the constitutional legitimacy of limits on contributions to independent expenditure-only organizations; those courts have universally agreed that such limits do not withstand First Amendment scrutiny") (citations omitted).  In light of this authority, the Court hereby enjoins Defendants from enforcing New York Election Laws §§ 14-114(8) and 14-116 as follows: (1) Plaintiff HLF is entitled to make unlimited contributions to political committees for the purpose of expressing its views through independent expenditures; and (2) Plaintiff FNY is entitled to solicit and accept unlimited contributions from any source for the purpose of expressing its views through independent expenditures.  An opinion articulating the rationale for this decision will follow.[2]

---

[1] *New York Progress and Protection PAC*, 2014 WL 1641781, at *1 ("Indeed, today's reality is that the voices of 'we the people' are too often drowned out by the few who have great resources").

[2] The Court is granting Plaintiffs' motion for summary judgment in this fashion in light of
(continued...)

Accordingly, Plaintiffs' motion for summary judgment (Dkt. No. 89) is GRANTED.

**IT IS SO ORDERED.**

Dated: July 2, 2014
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge

---

[2](...continued)
the time-sensitive nature of this matter due to the upcoming elections. *See Gold v. Feinberg*, 97 F.3d 680, 681 (2d Cir. 1996) (issuing a one-paragraph decision in an election case and indicating that the rationale for its decision would follow); *Coto v. New York City Bd. of Elections*, 97 F.3d 680 (2d Cir. 1996) (same).